# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF LOUISIANA
## LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **CHRISTOPHER LEHMAN** | § | |
| | § | |
| | § | CIVIL ACTION NO: _____ |
| *Plaintiff* | § | |
| | § | |
| **TODD A. D'ALBOR** in his official | § | |
| capacity as Chief of Police for the | § | |
| Jennings Police Department, and | § | |
| individually and the **CITY OF** | § | |
| **JENNINGS** | § | |
| | § | |
| *Defendants* | § | |
| | § | |

---

## PLAINTIFF'S FIRST PETITION

---

NOW COMES Plaintiff, **CHRISTOPHER LEHMAN**, by and through his attorneys **JAMES MORRIS** and **JAMES SUDDUTH, III**, for his Complaint against **TODD A. D'ALBOR**, in his official capacity as Chief of Police for the Jennings Police Department, and in his individual capacity, and the **CITY OF JENNINGS**, hereby states as follows:

---

## JURISDICTION AND VENUE

---

1. Plaintiff brings action under Title VII of the Civil Rights Act of 1964 as it appears at 42 U.S.C. § 2000 et seq, 42 U.S.C. 1983, and Louisiana Revised Statute § 23:967.

2. This Court has jurisdiction pursuant to the following statutes:

   a. 28 U.S.C. § 1331, which gives district courts original jurisdiction over civil actions arising under the Constitution, law or treaties of the United States;

      b.   28 U.S.C. § 1343 (3) and (4), which give district courts jurisdiction over actions to secure civil rights extended by the United States government;

3.   28 U.S.C. § 1367, which gives the district court supplemental jurisdiction over state law claims.

4.   It is a jurisdictional requirement of this Court that the Plaintiff has filed a complaint with the Equal Employment Opportunity Commission (EEOC).  Plaintiff has done so and the complaint is attached as Exhibit 1.

5.   After the filing of an EEOC complaint, Plaintiff must initiate suit within ninety (90) days of receiving the notice of the right to sue.  This notice was sent on March 10, 2016 and is attached as Exhibit 2.  Plaintiff brings action in this court within the ninety (90) day limit.

6.   Venue is appropriate in this judicial district under 28 U.S.C. § 1391 (b) because the events that gave rise to this Complaint occurred in the Western District of Louisiana, specifically in Jefferson Davis Parish, making the Lake Charles Division the most appropriate Division for this suit.

---

## PARTIES

---

7.   Plaintiff is a citizen of the United States and resides in the City of Jennings, Parish of Jefferson Davis, State of Louisiana, which is in this judicial district.

8.   Plaintiff is an African-American and as such, is a member of a protected class.

9.   Defendant, **TODD A. D'ALBOR,** is the Chief of Police for the Jennings Police Department.  Defendant is sued in his official capacity as Chief of Police of the Jennings Police Department and individually.  As such, he has a duty to conduct himself in accordance with the Jennings Police Department Policies and Procedures, Rules and Regulations Manual.

10. Defendant, **CITY OF JENNINGS**, is the highest local government entity in the chain of command for all lower City entities and employees.

## FACTUAL ALLEGATIONS

11. Plaintiff is a dual retired military "Chief Petty Officer E-7" and Federal Civil Service "GS-15" Veteran with more than thirty-one years of service completed honorably and decorated.

12. Dating back to 2011, Plaintiff began to notice illegal activity on his street of residence including, but not limited to, trespassing, property damage, sex offender presence, illegal zoning practices, and possible drug activity. Plaintiff notified the Jennings Police Department numerous times to report the illegal and suspected activity.

13. In or around December 2012, Randall and Loretta Miller moved into a trailer located at 1915 Isabelle Street. At this time, Plaintiff had already engaged with City of Jennings regarding this trailer since this area was only regulated and zoned as A-1 residential, meaning that no trailers or mobile homes are to be used as permanent dwellings.

14. After continuous complaints and notifications to the Jennings Police Department, the Mayor of Jennings, Terry Duhon, and the Chief of Police, Defendant **TODD A. D'ALBOR**, were so impressed with Plaintiff's tenacious observance of suspected crime and active pursuit of activities to better the local neighborhood, Plaintiff was offered a position with Jennings Police Department as the "Community Services Coordinator" on June 25, 2013. In this capacity, Plaintiff was tasked with developing and leading neighborhood watches for the City of Jennings.

15. After accepting employment with the Jennings Police Department, Plaintiff intensified his efforts to observe and report suspicious and illegal activity to Police Officers, the Chief of

Police, **TODD A. D'ALBOR**, and the Mayor of Jennings, with the support and encouragement of both the Chief of Police, **TODD A. D'ALBOR**, and the Mayor.

16. By early 2014, Plaintiff began to experience resistance within the Jennings Police Department and from his own Chief, **TODD A. D'ALBOR**, to enforce anti-drug laws, as well as zoning ordinances, specifically as they relate to the Millers.

17. Between April 2015 and September 2015 Plaintiff observed and documented two-hundred and twenty vehicles coming and going from the trailer at 1915 Isabelle Street, a dead end street. Plaintiff observed and documented these vehicles having "short, turn-around, routine activity" which is often an indication of drug activity.

18. On August 31, 2015, Randall and Loretta Miller made an informal complaint via telephone to the Jennings Police Department alleging "hassling" by the Plaintiff, which immediately resulted in a "stand-down" order emailed to Plaintiff as attached to this Petition as Exhibit 3.

19. Per the "stand-down" order in regard to the Millers, Plaintiff discontinued actions pertaining to the Millers, but continued with other duties on a strictly voluntary basis. Due to concerns over this suspicious request that Plaintiff cease investigating illegal drug activity, Plaintiff continued to perform JPD work but declined to turn in time sheets, for fear of creating any future data that might lead to additional unsubstantiated and unsuitable reprisals.

20. Despite Plaintiff's compliance with the stand-down order, on December 14, 2015, the Millers filed a formal complaint against the Plaintiff for "hassling" them and taking pictures of the trailer and vehicles nearby from the street. Plaintiff was never provided with an official copy of this complaint despite his requests.

21. Plaintiff emailed the Mayor in his defense of his actions, in reference to the Miller's complaint, since the District Attorney had already advised Plaintiff, and the Millers, that taking

photographs from a public street was not in violation of the law. This email is attached as Exhibit 4.

22. On December 16, 2015 Plaintiff received an email from Defendant, **TODD A. D'ALBOR,** which is attached in full as Exhibit 5, which stated in pertinent part, "In your indented second line of the email you sent to the Mayor, you reference that 'our department' did nothing wrong. This gives me caution that you are representing the Jennings Police Department in the ongoing dispute with the Millers and in essence, the City of Jennings."

23. Due to allegedly representing the Jennings Police Department concerning the ongoing issues with the Millers, despite no prior disciplinary action on his record, complying with the stand-down order, and after being afforded no opportunity to defend himself, Plaintiff was officially terminated on December 31, 2015. This separation notice is attached as Exhibit 6.

24. In contrast, another reservist of the Jennings Police Department, a Caucasian male named Bryan Foti, was recommended and promoted to become a full time officer by Defendant, **TOOD A. D'ALBOR**. Foti has had numerous egregious complaints filed against him, some of which are ongoing, including but not limited to, unlawful firing of a weapon, and unlawful battery of at least three suspects. There is also pending litigation against Foti for an unlawful battery claim and only recently was Foti terminated.

25. Plaintiff filed a claim with the Equal Employment Opportunity Commission (EEOC) on January 9, 2016. EEOC acknowledge receipt of Plaintiff's claim on January 13, 2016. Per a request by the EEOC on March 2, 2016, Plaintiff filled out a Charge of Discrimination sheet on March 7, 2016.

26. EEOC closed Plaintiff's claim and issued a right to sue on March 10, 2016.

27. As of the date of filing this Petition, illegal and suspicious activity on Isabelle Street with the Millers has decreased substantially after Plaintiff filed a report with the Attorney General leading to the commencement of an investigation of the Jennings Police Department.

## FIRST CAUSE OF ACTION:
## VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964
*Pursuant to 42 U.S.C. § 2000 et seq.*

28. Plaintiff incorporates and restates each of the above paragraphs as if fully set forth herein.

29. Defendant, **TODD A. D'ALBOR**, in his capacity as Chief of Police for the Jennings Police Department in the City of Jennings, a local government body, which is not considered part of the state for Eleventh Amendment purposes, is not barred from liability under 42 U.S.C. § 1983. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (U.S. 1978).

30. Defendant, **CITY OF JENNINGS**, as a local government body, is not considered part of the state for Eleventh Amendment purposes, and is not barred from liability under 42 U.S.C. § 1983. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (U.S. 1978).

31. Plaintiff (1) is a member of a protected class as an African-American, (2) is qualified for the position of Community Services Coordinator as demonstrated by his notable military service background, (3) suffered an adverse employment action as demonstrated by the termination of his employment, (4) was treated less fairly than others situated similarly as demonstrated by Foti's employment record and promotion. *See generally Young v. UPS*, 135 S. Ct. 1338 (U.S. 2015). *See generally McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (U.S. 1973).

32. Specifically, Plaintiff was hired as Community Services Coordinator by the Jennings Police Department. This employment offer came from Defendant, **TODD A. D'ALBOR**, and was supported by the Mayor, Terry Duhon, due to Plaintiff's astute community crime observances reported to the Jennings Police Department.

6

33. Plaintiff completed his tasking of developing and leading neighborhood watches for Defendant, **CITY OF JENNINGS**.

34. Plaintiff is qualified for the position of Community Services Coordinator as a decorated military veteran.

35. After nearly three years of employment, Plaintiff was suspended in his capacity as Community Services Coordinator by Defendant, **TODD A. D'ALBOR** for possibly "representing the Jennings Police Department", and "in essence, the **CITY OF JENNINGS**" in an ongoing matter. Plaintiff suffered adverse employment action as demonstrated by this suspension and subsequent firing.

36. Defendants cannot in good faith believe in this proffered reason for suspension and eventual termination as the alleged representation of the JPD was made by the Plaintiff in a private email addressed to the Mayor, Terry Duhon, in relation to Plaintiff's own personal actions taken on personal time without any color or authority of law.

37. However, even if it could be said that Plaintiff represented the department, an immediate termination, for such a relatively minor issue, is disparate treatment of the Plaintiff compared to others in the department with far worse records of conduct and these individuals maintain employment and in other cases are recommended for promotion. *See paragraph 39.*

38. Prior to his termination, Plaintiff had an impeccable service record and had never been officially reprimanded regarding his work behavior in his capacity as Community Services Coordinator.

39. As simply one example, Plaintiff is aware of another employee of the Jennings Police Department, a Caucasian male, Bryan Foti, who has had numerous egregious complaints filed against him, some of which are ongoing, including but not limited to, unlawful firing of a weapon and unlawful battery of a suspect. There is also pending litigation against Foti for an

unlawful battery claim.  Instead of disciplinary action being taken with this individual, Foti was recommended to become a full time Policeman by the Chief of Police, **TODD A. D'ALBOR,** with support from the Mayor.

40. Upon a good-faith belief, based on disparate treatment, Plaintiff alleges that he was terminated on the basis of racial discrimination as an African-American citizen.

41. Section 2000(e)(2)(a) of Title VII of the Civil Rights Act of 1964 makes it unlawful for an employer to discharge an individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin.

42. As the Chief of Police, Defendant, **TODD A. D'ALBOR**, terminated Plaintiff's employment with Jennings Police Department.

43. As an employee of Defendant, **CITY OF JENNINGS**, Defendant, **TODD A. D'ALBOR** subjects **CITY OF JENNINGS** to liability under the theory of Respondeat Superior.

44. Wherefore Plaintiff asks this Honorable Court to find Defendant, **TODD A. D'ALBOR,** liable for the violation of Title VII of the Civil Rights Act of 1964.  Furthermore, under the theory of Respondeat Superior, Plaintiff asks this Honorable Court to find Defendant, **CITY OF JENNINGS**, liable for the violation of Title VII of the Civil Rights Act of 1964.

## SECOND CAUSE OF ACTION:
## VIOLATION OF THE EQUAL PROTECTION ACT OF THE 14TH AMENDMENT
### *Pursuant to 42 U.S.C. § 1983*

45. Plaintiff incorporates and restates each of the above paragraphs as if fully set forth herein.

46. 42 U.S.C. § 1983 provides in pertinent part, "that every person who, under color of any statute, ordinance, regulation, custom, or usage of any State or Territory or the District of Columbia,

subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress…" *Id.*

47. Even if Plaintiff is found to have been representing the Jennings Police Department and in essence the City in regards to Millers, which is disputed, such occurs naturally in the activity of neighborhood watch, it should not have been the basis for termination. That, coupled with the disparately harsh discipline received herein forms the basis for the good faith belief of the Plaintiff that race was the basis for the adverse employment action, in violation of the Fourteenth Amendment of the United States Constitution.

48. Under the language of this federal statute, Defendant, **TODD A. D'ALBOR**, acted under color of state law, because while acting as the Chief Law Enforcement Officer for the Jennings Police Department and using the authority vested in the same he terminated the employment of a public employee.

49. Under 42 U.S.C. § 1983, an employer, namely the **CITY OF JENNINGS**, may be found liable for actions of an employee if (1) an official with final policy-making authority committed the constitutional tort, making the challenged action itself an act of government policy, or (2) an official with final policy-making authority ratified a subordinate's unconstitutional action and the basis for it. *See generally Lucke v. Multnomah County*, 2008 U.S. Dist. LEXIS 71861 (D. Or. Sept. 22, 2008).

50. The Chief of Police, **TODD A. D'ALBOR**, was an official with final policy-making authority because **TODD A. D'ALBOR** not only signed and ordered the enactment of the Jennings Police Department Policies and Procedures, Rules and Regulations Manual; he also had, as a matter of actual practice, final say in employment decisions within his department. As such,

he committed the constitutional tort, in the manner of terminating Plaintiff based on race, and therefore should be found liable under 42 U.S.C. § 1983.

51. In the alternative, Plaintiff pleads that the Mayor, Terry Duhon, was an official with final policy-making authority who ratified the unconstitutional action and the basis for it of a subordinate, **TODD A. D'ALBOR**.  Plaintiff privately sent the email with the alleged representation to the Mayor.  In order for **TODD A. D'ALBOR** to learn of the alleged representation, he and the Mayor would have to have had some level of correspondence or communication regarding Plaintiff. Since Plaintiff's termination is still in effect, the unconstitutional action has essentially been ratified.

52. Pursuant to 42 U.S.C. 1988(b), in any action or proceeding to enforce a provision of sections 1981, 1981a, 1982, 1983, 1985, and 1986 of this title…the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs…

53. Wherefore Plaintiff asks this Honorable Court to find that under 42 U.S.C. 1983 Defendants, **TODD A. D'ALBOR**, and **CITY OF JENNINGS**, are liable for depriving the Plaintiff, **CHRISTOPHER LEHMAN**, of rights, privileges, or immunities secured by the Constitution and law, namely the Fourteenth Amendment.  Furthermore, Plaintiff asks this Honorable Court to allow attorney's fees as a part of the costs of this proceeding pursuant to 42 U.S.C. 1988.

## THIRD CAUSE OF ACTION:
## VIOLATION OF THE 1ˢᵗ AMENDMENT
### *Pursuant to 42 U.S.C. § 1983*

54. Plaintiff incorporates and restates each of the above paragraphs as if fully set forth herein.

55. 42 U.S.C. § 1983 provides in pertinent part, "that every person who, under color of any statute, ordinance, regulation, custom, or usage of any State or Territory or the District of Columbia,

subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress…" *Id.*

56. Plaintiff, **CHRISTOPHER LEHMAN**, was a public employee.

57. As such, any statement made to Defendant, **TODD A. D'ALBOR**, as well as the Mayor, must be afforded First Amendment protection, provided they are made as a private citizen and touch an issue of public concern.

58. Plaintiff attended a City Council Meeting on September 8, 2015, had discussions with City Council members on December 2, 2015, met with the Mayor, City Council members, the City Attorney, and the City Inspector on December 7, 2015 all in efforts to remedy the zoning ordinance issues with the trailer located at 1915 Isabelle Street.

59. On December 11, 2015, Plaintiff emailed the Mayor to notify him of a smaller camper, and miscellaneous junk now present at the 1915 Isabelle Street trailer site.

60. Plaintiff's statements to the Mayor, to which Defendant, **TODD A, D'ALBOR**, was made aware, were made in his capacity as a citizen and not a public employee. In compliance with the stand down request the Plaintiff ceased any official patrol efforts, Plaintiff was defending himself in an allegation of harassment surrounding his personal inquiry of illegal zoning and drug activity that occurred during Plaintiff's personal time, while standing in his own yard, and without any appearance of Plaintiff of acting pursuant to any commission. Illegal activities are of course issues of public concern; ones which even private citizens can be concerned about.

61. Plaintiff made these statements as a concerned citizen, not in his capacity as a public employee, when he was suspended and ultimately terminated in retaliation for the same.

62. As discussed in the United States Supreme Court case *Pickering v. Bd. of Educ.*, statements by public officials on a matter of public concern must be accorded First Amendment protection despite the fact that the statements are directed at their nominal superiors.  Accordingly, it is essential that public officials be able to speak out freely without fear of retaliatory dismissal. *Pickering v. Bd. of Educ.*, 391 U.S. 563 (U.S. 1968).

63. Pursuant to 42 U.S.C. 1988(b), in any action or proceeding to enforce a provision of sections 1981, 1981a, 1982, 1983, 1985, and 1986 of this title…the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs.

64. Wherefore Plaintiff asks this Honorable Court to find that under 42 U.S.C. 1983 Defendants, **TODD A. D'ALBOR**, and **CITY OF JENNINGS**, are liable for depriving the Plaintiff, **CHRISTOPHER LEHMAN**, of his rights, privileges, or immunities secured by the Constitution and law, namely the First Amendment.  Furthermore, Plaintiff asks this Honorable Court to award attorney's fees as a part of the costs of this proceeding pursuant to 42 U.S.C. 1988.

## FOURTH CAUSE OF ACTION: RETALITORY TERMINATION
### *Pursuant to La. R.S. § 23:967*

65. Plaintiff incorporates and restates each of the above paragraphs as if fully set forth herein.

66. This Honorable Court has jurisdiction to hear this claim under 28 U.S.C. § 1367.

67. Louisiana Revised Statute § 23:967(a)(1) provides that an employer shall not take reprisal against an employee who in good faith, and after advising the employer of the violation of law, discloses or threatens to disclose a workplace act or practice that is in violation of state law.

68. Plaintiff advised Defendant, **TODD A. D'ALBOR**, of illegal activity by the Millers.  The Jennings Police Department refused to act.

69. Additionally, Plaintiff disclosed this failure to act to the Mayor as well as the District Attorney.

70. The Jennings Police Department's failure to investigate and apprehend is a violation of state law under Louisiana Revised Statute 9:2798.1.

71. The Jennings Police Department owed a duty to the general population to investigate, and apprehend those partaking in illegal activity, namely the drug activity that Plaintiff brought to the attention of the Defendant, **TODD A. D'ALBOR**.  In their failure to act, the Jennings Police Department, and their Chief, **TODD A. D'ALBOR** breached that duty.  This duty breach analysis is exhibited by the Louisiana Supreme Court in the *Hardy v. Bowie* decision. *Hardy v. Bowie*, 744 So. 2d 606 (La. Sept. 8, 1999).

## PRAYER:

**WHEREFORE**, Plaintiff requests that this Honorable Court enter judgment against Defendants providing the following relief:

(a) Reasonable attorney's fees under 42 U.S.C. 1988.

(b) Compensatory damages to be determined by a jury of Plaintiff's peers after the trial of this matter.

(c) Back salary pay from the date last worked, September 9, 2015, due to the stand down email on August 31, 2015.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of Federal Rules of Civil Procedure, the Plaintiff demands trial by jury in this action of all issues so triable.

**Respectfully Submitted**,

**SUDDUTH & ASSOCIATES, LLC**

Attorneys-at-Law
4216 Lake Street Suite C
Lake Charles, Louisiana 70605
(337) 480 - 0101 (*Telephone*)
(337) 419 / 0507 (*Facsimile*)

BY:

**JAMES E. SUDDUTH, III, #35340**
Attorney for *Christopher Lehman*

**MORRIS LAW FIRM**

Attorney-at-Law
4216 Lake Street
Lake Charles, Louisiana 70605
(337) 990-0256 (Telephone)
(337 990-0258 (Facsimile)

BY:

**JAMES R. MORRIS, #09731**
Attorney for *Christopher Lehman*

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

**CHRISTOPHER LEHMAN**

*Plaintiff*

CIVIL ACTION NO: _____

**TODD A. D'ALBOR** in his official
capacity as Chief of Police for the
Jennings Police Department, and
Individually and the **CITY OF
JENNINGS**

*Defendants*

---

### AFFIDAVIT

---

STATE OF LOUISIANA

PARISH OF CALCASIEU

BEFORE ME, undersigned authority, personally came and appeared:

**CHRISTOPHER LEHMAN**

*Resident of Jefferson Davis Parish*

Who, being first duly sworn, did depose and state, based on his personal knowledge:

1. That he has read the above and foregoing petition and all of the information contained
therein is true and correct to the best of his knowledge.

CHRISTOPHER LEHMAN

THUS DONE AND SIGNED, before me, a Notary Public, this ___ day of
_____, 2016 at my office in Lake Charles, Louisiana.

NOTARY PUBLIC

JAMES R. MORRIS
NOTARY PUBLIC
STATE OF LOUISIANA
Duly Commissioned For Life
State I.D. Number 30106

15