RECEIVED
IN LAKE CHARLES, LA

OCT 27 2016
TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| CHRISTOPHER LEHMAN | * CIVIL ACTION NO. 2:16 -CV-00783 |
| v. | * |
| TODD A. D'ALBOR, ET AL. | * JUDGE MINALDI |
| | * MAGISTRATE JUDGE KAY |

*************************************************************************

## MEMORANDUM RULING

Before the court is a Partial Motion to Dismiss (Rec. Doc. 6) filed by Todd A. D'Albor in his official and individual capacities and the City of Jennings (collectively "the defendants"), a Response (Rec. Doc. 8) filed by the plaintiff, Christopher Lehman, and a Reply (Rec. Doc. 9) filed by the defendants. For the following reasons, the court will **GRANT IN PART** and **DENY IN PART** the defendants' Partial Motion to Dismiss (Rec. Doc. 6).

### FACTS & PROCEDURAL HISTORY[1]

Mr. Lehman worked for the City of Jennings Police Department for approximately a year and a half as Community Services Coordinator. In this position, Mr. Lehman would notify the Jennings Police Department of suspected criminal activity. As a Community Services Coordinator, Mr. Lehman documented traffic patterns near a trailer home. He noted that over the course of five months, 220 vehicles made short stops at the trailer, which he concluded was indicative of drug activity. He informed the Jennings Police Department of his suspicions. The occupants of the trailer filed a complaint against Mr. Lehman, and the Jennings Police Department instructed the plaintiff to "stand-down." The plaintiff alleges that he did so; however, the trailer occupants subsequently filed another complaint against Mr. Lehman. After

---
[1] All facts are taken from the complaint (Rec. Doc. 1).

1

the second complaint, the plaintiff emailed the mayor of Jennings to explain his actions. In the email, Mr. Lehman referred to the Jennings Police Department as "our department." Mr. Lehman's email was apparently forwarded to the chief of police, Todd D'Albor (Chief D'Albor), and Chief D'Albor cautioned Mr. Lehman that he did not represent the Jennings Police Department. Chief D'Albor also terminated the plaintiff from his position as a Community Services Coordinator.

After he was terminated, Mr. Lehman filed suit against Chief D'Albor in his official and individual capacities and the City of Jennings alleging that the defendants violated Title VII of the Civil Rights Act of 1964, his constitutional rights under 42 U.S.C. § 1983, and the Louisiana Whistleblower Statute (Louisiana Revised Statute § 23:967). The defendants filed a Partial Motion to Dismiss (Rec. Doc. 6) arguing that the Title VII claims against Chief D'Albor should be dismissed, that the § 1983 claims against Chief D'Albor in his official capacity should be dismissed as duplicative, and that the retaliatory termination claims against Chief D'Albor and the City of Jennings should be dismissed for failure to state a claim. In his response, Mr. Lehman concedes that the Title VII claims against Chief D'Albor should be dismissed,[2] and he contests the dismissal of all other claims.

## LAW & ANALYSIS

### I. Motion to Dismiss Standard

An action can be dismissed under Rule 12(b)(6) of the Federal Rules of Civil Procedure if the claimant fails "to state a claim upon which relief can be granted." Motions to dismiss are generally "viewed with disfavor and [should be] rarely granted." *Harrington v. State Farm Fire & Cas. Co.*, 563 F.3d 141, 147 (5th Cir. 2009) (quoting *Gregson v. Zurich Am. Ins. Co.*, 322

---

[2] Response (Rec. Doc. 8), p. 7 ("After a careful perusal of the relevant case law on this matter Plaintiff can acquiesce to remove the Title VII claim against Chief D'Albor....").

F.3d 883, 885 (5th Cir. 2003)). "[The] Court construes the complaint liberally in favor of the plaintiff, and takes all facts pleaded in the complaint as true." *Id.* (quoting *Gregson*, 322 F.3d at 885). Under "[t]his strict standard of review, '[t]he question … is whether in the light most favorable to the plaintiff and with every doubt resolved on his behalf, the complaint states any valid claim for relief.'" *Gregson*, 322 F.3d at 885 (citing 5 Charles A. Wright & Arthur R. Miller, Federal Practice And Procedure § 1357, at 601 (1969)).

To survive a motion to dismiss, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face," making the right to relief more than merely speculative. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007). "Determining whether a complaint states a plausible claim for relief [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). If the allegations in the complaint, even if taken as true, do not entitle the plaintiff to relief, the complaint should be dismissed. *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (citing *Twombly*, 550 U.S. at 558).

The defendants contend that three of the claims in the plaintiff's complaint fail to state a claim upon which relief can be granted. First, because both parties agree that the Title VII claims against Chief D'Albor should be dismissed, the court will dismiss those claims without prejudice.

## II. Section 1983 Claims Against Chief D'Albor in His Official Capacity

Second, the defendant argues the § 1983 claims against Chief D'Albor in his official capacity should be dismissed as redundant. In a § 1983 action, claims against an individual in his official capacity are considered claims against the municipality. *See Brooks v. George Cty., Miss.*, 84 F.3d 157, 165 (5th Cir. 1996) (citing *Hafer v. Melo*, 502 U.S. 21, 25 (1991)). Therefore, if a plaintiff brings claims against both the municipality and an individual in his

3

official capacity, the claims are usually duplicative, and the court should dismiss the redundant claims. *See Castro Romero v. Becken*, 256 F.3d 349, 355 (5th Cir. 2001). Claims against the person in his individual capacity would survive. *See, e.g., Harger v. City of W. Monroe*, No. 3:14-CV-00976, 2014 WL 3828375, at *5 (W.D. La. Aug. 4, 2014) (dismissing claims brought against the defendants in their official capacity as duplicative to claims brought against the city, and not dismissing claims brought against the defendants in their individual capacity).

Accordingly, the § 1983 claims brought against Chief D'Albor in his official capacity will be dismissed as duplicative because Mr. Lehman brought the same § 1983 claims against the City of Jennings. The plaintiff argues that the claims are not duplicative because "[s]hould this Court find that [the mayor is the official with final decision-making power], the City of Jennings would not be municipally liable for Chief D'Albor's actions, rather only municipally liable due to the Mayor's actions, and therefore the Plaintiff's constitutional claim against Chief D'Albor would not be redundant."[3] The court disagrees. All of the claims against the City of Jennings and Chief D'Albor are the same in the complaint.[4] If Chief D'Albor is liable in his official capacity, the liability is treated as municipal liability, and the City of Jennings is held liable for Chief D'Albor's actions. *See Brooks*, 84 F.3d at 165 (citing *Melo*, 502 U.S. at 25). Therefore, all § 1983 claims against Chief D'Albor in his official capacity will be dismissed as redundant. The § 1983 claims against Chief D'Albor in his individual capacity and against the City of Jennings remain.

### III. Retaliatory Termination Claims

Finally, the defendants argue that Mr. Lehman has failed to state a valid claim for retaliatory termination against any defendant under Louisiana Whistleblower Statute. To state a

---

[3] Response (Rec. Doc. 8-1), p. 8.
[4] Compl. (Rec. Doc. 1).

claim for retaliatory termination under the Louisiana Whistleblower Statute, the plaintiff must allege facts to establish that (1) the employer violated state law; (2) the employee informed the employer about the violation; (3) the employee in good faith disclosed or threatened to disclose the violation or refused to participate in the wrongful act; and (4) as a result of the employee's good faith protected action, the employer took reprisal action against the employee. La. R.S. § 23:967; *Broussard v. Lafayette City-Par. Consol. Gov't*, 45 F. Supp. 3d 553, 581 (W.D. La. 2014). Reprisal action includes "firing, layoff, loss of benefits, or any other discriminatory action." La. R.S. § 23:967(C)(1).

The defendants argue that Mr. Lehman has not alleged that they violated state law or that they fired the plaintiff because he took a protected action. Mr. Lehman asserts that the defendants violated Louisiana Revised Statue § 9:2798.1 and Louisiana Supreme Court precedent, *Hardy v. Bowie,* 98-2821 (La. 9/8/99), 744 So. 2d 606, by failing to investigate suspected drug activity. Mr. Lehman also alleges that he was terminated because he disclosed the Chief D'Albor and the Jennings Police Department's failure to investigate to the mayor and district attorney.[5]

First, the court notes that the defendants cannot "violate" § 9:2798.1, because the statute does not impose a duty on public officials. This statute creates an affirmative defense for public entities and employees. *See Jones v. Town of Woodworth*, 2015-568, p. 11 (La. App. 3 Cir. 11/4/15), 178 So. 3d 243, 249. Under Louisiana Revised Statue § 9:2798.1, public entities and their officers or employees are immune from tort claims based on their policy-making or discretionary functions unless an exception applies. "Such immunity is not automatic." *Brown v. City of Monroe*, 48,764, p. 5 (La. App. 2 Cir. 2/26/14), 135 So. 3d 792, 796 n.2. If "the [defendants are] not immune from liability under La. R.S. 9:2798.1[, the court] must analyze the

---
[5] Compl. (Rec. Doc. 1), ¶ 69.

[defendants'] conduct under the duty-risk analysis." *Hardy*, 98-2821, p. 11, 744 So. 2d at 613. Here, the defendants have not raised the affirmative defense of statutory immunity.[6]

Second, the court addresses whether by alleging that the defendants acted negligently, the plaintiff has sufficiently alleged that the defendants violated state law. Under Louisiana law, "a police officer has a duty to perform his function with due regard for the safety of all citizens who will be affected by his action[, and h]is authority must at all times be exercised in a reasonable fashion." *Hardy*, 98-2821, p. 12, 744 So. 2d at 614 (internal quotations and citations omitted). In his complaint, Mr. Lehman alleged that he provided strong evidence for the officers to conclude that drug-related activity was occurring at the trailer home, and the Jennings Police Department did not investigate. Based on these allegations, the defendants' failure to investigate could plausibly be a breach of their duty to act reasonably with due regard for the safety of citizens. The defendants argue that alleging they breached their duty under *Hardy* is insufficient to allege a violation of state law. However, they provide no support for their assertion.

The defendants also argue that the retaliatory termination claim against Chief D'Albor should fail because the complaint does not specifically state that Chief D'Albor failed to investigate. In the complaint, Mr. Lehman pleaded, "Plaintiff advised Defendant, TODD A. D'ALBOR, of illegal activity by the Millers. The Jennings Police Department refused to act."[7] This factual allegation makes it plausible that Chief D'Albor did not investigate the suspected criminal activity, and therefore, Mr. Lehman has sufficiently pleaded that Chief D'Albor and the City of Jennings failed to investigate.

---

[6] The defendants mention that their actions may be protected from liability under §9:2798.1, but they do not assert or explain whether the decision not investigate was an exercise of their discretionary function. Memo. in Support (Rec. Doc. 6-1), p. 9.
[7] Compl. (Rec. Doc. 1), ¶ 68.

Finally, the plaintiff alleged sufficient facts to make his claim that the defendants fired him because he told the mayor and the district attorney about their failure to investigate plausible. Mr. Lehman pleaded that he was terminated after he contacted the mayor and district attorney, and that when Chief D'Albor terminated him, the chief referenced the plaintiff's communication with the mayor.[8] This raises a plausible inference that the two activities are causally related, which at this stage of proceedings is adequate to survive a motion to dismiss. *See Gregson*, 322 F.3d at 885. Therefore, the court will **DENY** the defendant's Partial Motion to Dismiss in regard to the plaintiff's retaliatory termination claims.

## CONCLUSION

Because both parties agree that Mr. Lehman cannot sustain a cause of action against Chief D'Albor and the City of Jennings under Title VII of the Civil Rights Act, the court will **DISMISS WITHOUT PREJUDICE** Mr. Lehman's Title VII claims against Chief D'Albor. The court will also **DISMISS WITHOUT PREJUDICE** all of Mr. Lehman's § 1983 claims against Chief D'Albor in his official capacity because those claims duplicate the § 1983 claims against the City of Jennings. Finally, the court will **NOT DISMISS** Mr. Lehman's retaliatory termination claims brought under Louisiana's Whistleblower Statute because Mr. Lehman has alleged sufficient facts to withstand the Partial Motion to Dismiss. Accordingly, the defendants' Partial Motion to Dismiss (Rec. Doc. 6) will be **GRANTED IN PART** and **DENIED IN PART**.

Lake Charles, Louisiana, this 26 day of Oct. , 2016.

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE

---

[8] Compl. (Rec. Doc. 1), ¶¶ 21-23.